HENRY BOURNE

*v.*

JOSEPH STOUT.

1. NEW TRIAL—*finding as to facts.* When the evidence is conflicting, it is the province of the jury to weigh it, and give credence to such portions as they believe to be true, and reject the balance; and in such a case their finding will not be disturbed unless it is manifestly against the evidence.

2. MALICIOUS PROSECUTION—*probable cause.* In an action for malicious prosecution in procuring the plaintiff's arrest on a criminal charge, if it

appear that defendant had probable cause to believe that plaintiff was guilty, the defendant will not be liable.

3. In such a case it is not necessary that all the facts shall be true upon which the prosecutor acts. If he honestly believes them to be true, and they are of such a character as would induce a reasonable and prudent man to believe them to be true, then there is probable cause.

4. PROBABLE CAUSE—*question of fact, under instructions.* In a suit for malicious prosecution, the court can not rightfully say to the jury, that there is, or is not probable cause, but it is the duty of the court, when asked, to inform the jury what facts constitute, and what do not constitute, probable cause, leaving it to the jury to say whether such facts are proved.

5. INSTRUCTIONS—*repeating.* It is not error to refuse instructions when the legal propositions contained in them are embraced in others which are given.

APPEAL from the County Court of La Salle County; the Hon. CHARLES H. GILMAN, Judge, presiding.

The substance of the facts appear in the opinion of the Court.

Mr. E. C. LEWIS, & Mr. GEO. W. STIPP, for the appellant.

Mr. T. LYLE DICKEY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case for a malicious prosecution, brought by appellant in the La Salle county court against appellee. It appears that appellee placed in the hands of appellant, four head of horses for sale, together with some other personal property. There is no dispute that he sold three of them for which he accounted. But as to whether the other was sold there is a controversy. Appellee contends that it was not sold, or if it was, that appellant did not account for it, whilst appellant swears it was sold and accounted for by him. He having started to remove with his family to Kansas, appellee made complaint and procured a warrant for larceny against appellant of the colt in dispute, upon which he was

pursued, arrested, and brought back; and, on an examination, he was recognized for his appearance at the next term of court to answer the charge. The grand jury returned a true bill, and appellant was put on trial, and after introducing the testimony on behalf of the people, the prosecuting attorney abandoned the case, and appellant was discharged. And this suit was brought for an alleged malicious prosecution.

The case was tried by the court and a jury, and the issues were found for appellee; a motion for a new trial was overruled, and judgment rendered on the verdict, and the case is brought to this court on appeal, and various errors are assigned.

An examination of the evidence preserved in the record, discloses the fact that it was conflicting, and it was the province of the jury to weigh it, and give credence to such portions as they believed to be true, and reject the balance. They have seen proper to believe that introduced by appellee, and we are not prepared to say that in doing so they erred. In such a conflict they must determine, and we will not disturb their finding unless it is manifestly against the evidence, and such is not the case on this record. They saw the witnesses testify, and had every opportunity to determine which was the more worthy of credit. It is no doubt true, that if appellee's evidence were left entirely out of view, there would be a clear case for recovery; but, on the other hand, if appellant's testimony were excluded from consideration, the verdict would be manifestly right. There is no ground for setting aside the verdict because it is not supported by the testimony.

If the evidence on the part of appellee is true, then there can be no doubt, that there was probable cause to believe that appellant was guilty. In such cases it is not necessary, as this court has repeatedly held, that all the facts shall be true upon which the prosecutor acts; but if he honestly believes them to be true, and they are of such character as would induce a reasonable and prudent man to believe them to be true, then there is probable cause. If a prosecutor were compelled, when

sued, to prove the truth of all the facts and circumstances upon which he acted, before he could escape liability, there would be no safety in starting criminal prosecutions, except in cases where the proof was clear and irresistible. To announce such a rule would well nigh afford immunity to every species of crime. No such rule, has, so far as we are enabled to find, ever been announced. The jury have given credence to appellee's testimony, and if so, they could not do otherwise than find there was probable cause.

But some criticisms are made upon the instructions given, for appellee. In the instructions given for appellant, the court clearly and correctly informs the jury what is not probable cause. And in appellee's instructions they are correctly informed what constitutes probable cause; with such instructions the jury could not be misled. Appellee's instructions in defining what constitutes probable cause, are but the reverse of appellant's, in stating what is not probable cause. Taking the instructions as a series, we can perceive no objection to them, and we think they presented the law of the case correctly and fairly to the jury. We do not understand appellee's instructions as counsel for appellant do. They insist that they leave the question of probable cause to the jury. This is not a fair criticism. The court informs the jury what facts, if proved, constitute probable cause, properly leaving it to the jury to say whether such facts are proved. It is not the duty of the court, nor can he rightfully say to the jury, that there is, or is not, probable cause in a case; but it is his duty, when asked, to inform them what facts constitute, and what do not constitute, probable cause. And the court did so in this case.

Nor do we perceive that the criticism of the instructions, that they are not applicable to the several counts of the declaration is entitled to weight. They announce correct legal propositions. And we are not able to see, from the evidence, that there was any material change of circumstances between the suing out the warrant, and the action of the grand jury, that rendered it improper for appellee to further prosecute. In fact we are at a loss to perceive how appellee could

avoid appearing, and testifying before the grand jury. If the justice of the peace did his duty, he recognized appellee to appear and testify before that body, and indorsed his name on the recognizance as a witness; and he, no doubt, went before that body in compliance with his recognizance as in obedience to a subpœna. If he started the prosecution in good faith, and with probable cause, as the jury have found he did, we can not see how he could avoid appearing before the grand jury and there giving his evidence, nor could he prevent them from acting upon it when given. We do not see that the instructions could have misled the jury.

Nor do we see any error in refusing to give such of appellant's instructions as the court withheld from the jury. All legal propositions they contained, which were applicable to the case, had already been given in his other instructions. This was sufficient. We are satisfied that the parties have had a fair trial, and that the evidence sustains the verdict; and the judgment of the court below is affirmed.

*Judgment affirmed.*